UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TODD MOODY HARRIS,<br><br>    Petitioner,<br><br>    v.<br><br>SCOTT SPEER,<br><br>    Respondent. | CASE NO. 3:25-cv-05169-JNW<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

## 1.  INTRODUCTION

This matter comes before the Court on pro se Petitioner Todd Moody Harris's Objections to the Report and Recommendation (R&R) of Magistrate Judge David W. Christel. Dkt. No. 8. Having reviewed the Objections, the R&R, and all supporting materials, the Court, being fully informed, OVERRULES the Objections, Dkt. No. 8; ADOPTS the R&R, Dkt. No. 7; DISMISSES this action without prejudice for failure to exhaust state-court remedies; ORDERS that no Certificate of Appealability will issue; and DIRECTS the Clerk of Court to ENTER JUDGMENT closing this case.

## 2. BACKGROUND

Pro se Petitioner Harris is incarcerated at Stafford Creek Corrections Center, where he is serving a sentence of confinement arising from a state-court conviction in *State of Washington v. Todd Moody Harris*, Superior Court of Washington for Mason County Case No. 09-1-00124-3 (judgment entered Dec. 7, 2009). Dkt. 1-1. He initiated this matter on February 28, 2025, by filing his Motion for Leave to Proceed in Forma Pauperis (IFP), Dkt. No. 1, together with his Proposed Petition for Writ of Habeas Corpus. Dkt. No. 1-1. The sole ground for federal habeas relief set forth in his proposed petition is that he was allegedly denied counsel at a critical stage of his state-court proceeding—his arraignment on April 7, 2009—in violation of the Sixth Amendment to the United States Constitution. *Id.* at 6.

On March 25, 2025, Magistrate Judge David W. Christel reviewed Harris's proposed petition under Rule 4 of the Habeas Rules. Dkt. 6. As part of this review, Judge Christel noted that, although styled under 28 U.S.C. § 2241, the proposed petition must be construed under 28 U.S.C. § 2254, which is the sole mechanism for obtaining federal habeas relief for persons imprisoned in state custody for state-court criminal convictions. *Id.* at 3 (citing *Dominguez v. Kernan*, 906 F.3d 1127, 1135–36 (9th Cir. 2018)). Judge Christel also found that the proposed petition showed that Harris had not raised his Sixth Amendment claim in state court—and, as a result, the proposed petition was subject to dismissal for failure to exhaust state-court remedies. *Id.* at 3 (citing 28 U.S.C. § 2254(b)–(c); *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *see also* Dkt. 1-1 at 2–5 (indicating no prior appeals and stating, "This Filing Constitutes an Appeal"). On the basis of this procedural

deficiency, Judge Christel ordered Harris to show cause why this action should not be dismissed for failure to exhaust state-court remedies in accordance with 28 U.S.C. § 2254(b)–(c).

Harris did not respond to the Order to Show Cause by the deadline. *See* Dkt. Accordingly, on May 1, 2025, Judge Christel issued his R&R recommending that this action be dismissed without prejudice for failure to exhaust; that Harris's pending IFP motion and other proposed motions and requests be denied as moot; and that a certificate of appealability be denied. Dkt. No. 7.

On May 9, 2025, Harris timely objected to the R&R. Dkt. No. 8. As explained below, none of Harris's thirteen objections directly address the actual grounds on which Judge Christel recommended dismissal of this action.

## 3. DISCUSSION

**3.1  Legal standard.**

**3.1.1   Rule 4.**

Under Rule 4 of the Rules Governing § 2254 cases ("Habeas Rules"), district courts must preliminarily review habeas petitions and dismiss any habeas petition before the respondent is ordered to file a response "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Dismissal under Rule 4 "is required on procedural grounds, such as failure to exhaust or untimeliness, or on substantive grounds where the claims are 'vague,' 'conclusory,' 'palpably incredible,' or 'patently frivolous or false.'" *Neiss v.*

*Bludworth*, 114 F.4th 1038, 1041 (9th Cir. 2024) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75–76 (1977); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990)).

### 3.1.2    Standard of review.

When a district court judge designates a magistrate judge to issue pretrial findings and recommendations, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a party timely objects to a magistrate judge's R&R, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; *see also* Fed. R. Civ. P. 72.

### 3.2    Harris's objections do not disturb Judge Christel's well-founded conclusion that Harris failed to exhaust his state-court remedies before filing his proposed habeas petition.

Harris is indisputably a state prisoner in custody pursuant to a state-court judgment. *See* Dkt. No. 1-1. "28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment." *Dominguez v. Kernan*, 906 F.3d 1127, 1135–36 (9th Cir. 2018) (quoting *White v. Lambert*, 370 F.3d 1002, 1009–10 (9th Cir. 2004)). As such, even though Harris characterized his proposed petition as a request for relief under § 2241 and used the standard form for such petitions, Judge Christel was correct in "constru[ing] the proposed petition [as] one filed pursuant to § 2254." *See* Dkt. No. 6 at 3.

To obtain federal habeas relief under § 2254, a petitioner must demonstrate that each of his claims has been properly exhausted in state court. 28 U.S.C.

§ 2254(b)–(c). This requirement "reflects a policy of federal-state comity" and is "designed to give the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (cleaned up).

Harris's proposed petition indicates that he has not raised his Sixth Amendment claim—the only claim presented in his proposed habeas petition—in state court. Dkt. No. 1-1 at 2–5. On this basis, Judge Christel correctly concluded that "the sole ground for relief outlined in the proposed petition is unexhausted and ineligible for federal habeas review." Dkt. No. 7 at 3.

Upon de novo review, the Court finds that none of Harris's thirteen objections displace this conclusion. Harris's objections appear to be standard-form, boilerplate objections that are entirely inapplicable to his proposed claim or to Judge Christel's grounds for recommending dismissal. For example, Objection I claims "a violation of 28 U.S.C. §1915 based on the preliminary screening voidness of Article III authorization." Dkt. No. 8 at 1. Section 1915 concerns "[p]roceedings in forma pauperis." The objection does not make clear how Harris believes the statute has been violated.

The Court need not review the remaining twelve objections one-by-one because all of them are similarly inapposite and none of them squarely address the valid grounds on which Judge Christel recommended dismissal of this action—namely, the issue of state-court exhaustion. Thus, the Court overrules the objections and adopts the R&R in full. And because no jurist of reason could disagree with this decision, no Certificate of Appealability is warranted.

ORDER ADOPTING REPORT AND RECOMMENDATION - 5

## 4. CONCLUSION

For the reasons explained above, the Court OVERRULES pro se Petitioner Todd Moody Harris's Objections, Dkt. No. 8; ADOPTS Judge Christel's R&R, Dkt. No. 7; DISMISSES this action WITHOUT PREJUDICE for failure to exhaust state-court remedies under 28 U.S.C. § 2254(b)–(c); ORDERS that no Certificate of Appealability will issue; and DIRECTS the Clerk of Court to ENTER JUDGMENT closing this case and to provide Harris with a copy of this Order.

Any remaining pending motions are STRICKEN as moot. Leave to proceed IFP is DENIED.

It is so ORDERED.

Dated this 2nd day of June, 2025.

Jamal N. Whitehead
United States District Judge