1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

TODD MOODY HARRIS,

CASE NO. 3:25-cv-05169-JNW

8

    Petitioner,

ORDER DENYING PETITIONER'S
MOTIONS FOR RELIEF FROM
JUDGMENT

9
10

  v.

SCOTT SPEER,

11
12

    Respondent.

13

## 1.  INTRODUCTION

14
15

    This matter comes before the Court on Petitioner Todd Moody Harris's

16

Motions for Relief from Judgment. Dkt. Nos. 20, 22, 23, 25. After considering the

motions, the record, and the relevant law, the Court is fully informed and DENIES

17

the motions for the reasons below.

18

## 2.  BACKGROUND

19
20

    On June 2, 2025, the Court adopted the Report and Recommendation ("R&R")

21

of Magistrate Judge David W. Christel, overruling  Harris's objections. *See* Dkt. No.

22

10. The R&R recommended dismissing Harris's Petition and this case for failure to

exhaust state-court remedies. *See* Dkt. No. 7.

23

ORDER DENYING PETITIONER'S MOTIONS FOR RELIEF FROM JUDGMENT - 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

Harris objected to the R&R, *see* Dkt. No. 8, and so the Court reviewed the record, the objections, and the objected-to portions of the R&R de novo. *See* Dkt. No. 10. The Court made a de novo determination that the Petition should be dismissed. *Id.*

Harris then filed three motions for relief from judgment, all of which were denied as they did not address the reason for the Court's dismissal of his proposed petition, i.e., failure to exhaust. Dkt. No. 16. Harris was further directed to refrain from filing further requests for relief which "fail to address the actual basis for the Court's dismissal of his proposed habeas petition." Dkt. No. 16. Harris then filed yet another request for relief. Dkt. No. 17. On July 11, 2025, the Court denied this request and warned Petitioner that should he continue to file requests for relief from judgment that fail to address the actual basis for the Court's dismissal of his proposed habeas petition, then the "Court may impose restrictions on his ability to file requests for relief on this docket." Dkt. No. 18 (citing *De Long v. Hennessey*, 912 F.2d 1144, 1147–48 (9th Cir. 1990) ("There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.")).

Since then, Harris has filed four requests for relief from the Court's Order and Judgment under Federal Rule of Civil Procedure 60(b)(4). Dkt. Nos. 20, 22, 23, 25. Notably, none of these motions contend that Harris actually exhausted his state-court remedies, that exhaustion should be excused, or that the Court's exhaustion analysis was incorrect. Instead, Harris continues to raise procedural arguments that do not address the reason for dismissal.

## 3. DISCUSSION

Under Rule 60(b)(4), a final judgment is void "only if the court that considered it lacked jurisdiction . . . or acted in a manner inconsistent with due process." *United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999). Given its duty to construe pro se pleadings liberally, the Court also construes Harris's pending motions as motions for relief under Rule 60(b)(6). *See Bennett v. Bennett*, Case No. C24-0272-JLR, 2024 WL 3316438, at *2 (W.D. Wash. July 5, 2024) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 528 n.1 (2005) (finding the substance of the petitioner's motion made it clear that he requested relief under Rule 60(b)(6)). Rule 60(b)(6) allows the district court to relieve a party from final judgment for any justifiable reason. Fed. R. Civ. P. 60(b)(6). But the party seeking relief under Rule 60(b)(6) must show "extraordinary circumstances" that "justify the reopening of a final judgment." *Bennett*, 2024 WL 3316438, at *2 (quoting *Gonzalez*, 545 U.S. at 535 (internal quotes omitted)).

Harris's arguments fail because they do not address the basis for dismissal—his failure to exhaust state-court remedies. The Court addresses his specific contentions below.

First, Harris argues that the Court "violated the Magistrate's Act and Habeas Rule 8(b) by failing to conduct a de novo review" of various pleadings that he has filed in this matter. *See e.g.*, Dkt. No. 22 (arguing Court failed to review de novo Petitioner's "Motion Requesting Judicial Notice"). "The Federal Magistrates Act, 28 U.S.C. §§ 631–39, governs the jurisdiction and authority of federal magistrates." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1118 (9th Cir. 2003). The Act

ORDER DENYING PETITIONER'S MOTIONS FOR RELIEF FROM JUDGMENT - 3

expressly empowers magistrate judges to submit reports and recommendations to district court judges on "applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrates Act only requires a district court to review an R&R de novo when a party objects to the R&R. 28 U.S.C. § 636(b)(1) (Courts must review de novo any "portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made."); *see also Reyna-Tapia*, 328 F.3d at 1121 (citing *Peretz v. United States*, 501 U.S. 923, 937–939 (1991) (holding that de novo review is not required unless requested)).

Contrary to Harris's assertion, the law does not require the Court to review his *motions* de novo; rather the Court need only review an *R&R* de novo when a party objects to the R&R. *See* 28 U.S.C. § 636(b)(1); *Reyna-Tapia*, 328 F.3d at 1121. The Court conducted such a review here. *See United States v. Ramos*, 65 F.4th 427, 434–35 (9th Cir. 2023) (holding that so long as the district court reviews the R&R de novo, consistent with 28 U.S.C. § 636(b), it has no obligation to provide an individualized analysis of each objection to the R&R in its order) (collecting cases). Because the Court applied the correct legal standard, Harris is not entitled to relief under Rule 60(b)(4) or (b)(6) on the basis that the Court failed to review certain issues (or pleadings) de novo.

Harris also invokes Rule 8(b) of the Rules Governing Section 2254 Cases and Section 2255 to support his argument. But Rule 8(b) presupposes that a petition survives initial screening under Rule 4. Here, Harris's petition was dismissed at the

ORDER DENYING PETITIONER'S MOTIONS FOR RELIEF FROM JUDGMENT - 4

Rule 4 stage for failure to exhaust—a procedural bar that makes factual development inappropriate. *See Yacom v. Allison*, Case No. 1:21-cv-00187-NONE-HBK, 2021 WL 2142618, at *1 (E.D. Cal. May 26, 2021) ("It is premature to hold an evidentiary hearing" where there has been no response to the petition). Harris's citations to *Gomez v. United States*, 490 U.S. 858 and *Dawson v. Marshall*, 561 F.3d 930 (9th Cir. 2009), *see, e.g.*, Dkt. No. 22, are not persuasive, as these cases discuss the de novo review standard, which the Court correctly applied. Accordingly, neither this precedent nor Rule 8(b) provide a reason to relieve Harris from the Court's judgment.

Second, Harris argues that he filed his Petition under 28 U.S.C. § 2241 and that the Court incorrectly "interpreted and recharacterized . . . [it] as a 28 U.S.C. § 2254 petition" thereby subjecting him to "the restrictions of 28 U.S.C. § 2244(b)." Dkt. No. 23. But as Judge Christel aptly reasoned, "28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment[.]" Dkt. No. 6 (citing *Dominguez v. Kernan*, 906 F.3d 1127, 1135–36 (9th Cir. 2018). Thus, the Petition was properly construed under § 2254 rather than § 2241.

Third, Harris "requests an application of the analysis set forth in *Ornelas v. United States*," 517 U.S. 690 (1996), stating that it is "worthy of historical fact that Petitioner filed a Motion Requesting Evidentiary Hearing, pursuant to Evidence Rule 201(e), which received no consideration." Dkt. No. 20. Upon review of *Ornelas*, that case is inapplicable to the Court's Order and Judgment from which Harris seeks relief. 517 U.S. at 699 ("We therefore hold that as a general matter

determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."). And any argument that the Court needed to consider or hold an evidentiary hearing at this stage of the proceedings is incorrect and unsupported. *See Yacom*, 2021 WL 2142618, at *1 (citing 28 U.S.C. § 2254(e)(2)(A)(ii); Rule 8(a) of the Governing Section 2254 Cases) ("Evidentiary hearings are granted only under limited circumstances in habeas proceedings[;] it is premature to hold an evidentiary hearing" where there has been no response to the petition.).

Lastly, each motion requests a certificate of appealability. A habeas petitioner must obtain a certificate of appealability to appeal the denial of a Rule 60(b) motion. *See United States v. Winkles*, 795 F.3d 1134, 1143 (9th Cir. 2015). "A certificate of appealability should only issue on a denial of a Rule 60(b) motion if '[1] jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion and [2] jurists of reason would find it debatable whether the underlying [habeas] motion states a valid claim of the denial of a constitutional right.'" *Dunsmore v. Harris*, Case No.: 13-cv-1193-GPC-PCL, 2022 WL 542541, at *1 (S.D. Cal. Feb. 22, 2022) (quoting *Winkles*, 795 F.3d at 1143)). As that standard is not met here, a certificate of appealability will not issue.

## 4.  CONCLUSION

Accordingly, the Court ORDERS that Harris's Motions for Relief from Judgment, Dkt. Nos. 20, 22–23, 25, are DENIED. The Court DENIES a certificate of appealability.

Harris has now filed eight post-judgment motions, none of which address the basis for dismissal despite repeated warnings. The Ninth Circuit Court of Appeals

1   has ordered that it will not entertain any further filings from Harris in this matter.

2   *See* Dkt. No. 24. Neither will this Court. Under its inherent authority to manage its

3   docket and prevent abusive litigation, *see De Long v. Hennessey*, 912 F.2d 1144,

4   1147–48 (9th Cir. 1990), the Court DIRECTS the Clerk to strike any future filings

5   in this closed case.

6       Dated this 20th day of October, 2025.

7

8                               Jamal N. Whitehead
                                United States District Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER DENYING PETITIONER'S MOTIONS FOR RELIEF FROM JUDGMENT - 7